**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| KYLE J. MCGEE,<br><br>                Plaintiff,<br><br>v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>                Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Kyle J. McGee ("Plaintiff") complains and alleges as follows based on personal knowledge as to himself and on information and belief as to all other matters, against Defendant Halsted Financial Services, LLC ("Halsted" or "Defendant"):

**I.    NATURE OF THE ACTION**

1. Plaintiff brings this action for equitable relief and for damages resulting from the illegal actions of Halsted in negligently, knowingly, and/or willfully and repeatedly contacting Plaintiff on his cellular telephone, using both automated telephone dialing technology and artificial or pre-recorded voice messages, without his prior express consent within the meaning of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA"). Plaintiff seeks statutory damages for the TCPA violations committed by Halsted and an injunction precluding continuing and future TCPA violations.

2. The TCPA prohibits non-emergency, auto-dialed commercial and informational calls to cellular telephone lines, absent prior express consent of the recipient to receive such calls. This prohibition extends to calls transmitted by or on behalf of debt collection agencies to cellular telephone lines.

3. One of the most important policy goals served by the TCPA is to enable private individuals a measure of control over who may contact them directly in connection with commercial matters and to require corporate marketing and collection departments, and collection agencies, to ensure they have permission to make automated calls before doing so.

4. Through the TCPA, Congress recognized that auto-dialed telephone communications (and calls made using artificial or pre-recorded voice messages) encroach significantly on individual privacy. In developing and refining the TCPA, the Federal Communications Commission and the Federal Trade Commission have made abundantly clear that, as a first step to obtaining express consent, business organizations must first contact their intended recipients using traditional, manual telephone equipment to confirm that their records are accurate. Companies that fail to perform this maddeningly simple task are purposely flouting the TCPA's strictures.

5. By failing to perform such a simple requirement, and by subjecting Plaintiff to several unauthorized, auto-dialed calls, each of which was made using an artificial or pre-recorded voice, over a sustained period of time, Halsted has abused Plaintiff's privacy rights and has violated the TCPA. Each and every call transmitted by Halsted to Plaintiff's cellular telephone line constitutes two separate and distinct violations of the TCPA because each and every such call was made using an automated telephone dialing system and an artificial or pre-recorded voice.

## II. JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. The Court has personal jurisdiction over Halsted because Halsted has purposefully availed itself of the privilege of conducting business activities in the State of Delaware, including engaging clients based in the State of Delaware and contacting individuals

residing in the State of Delaware, including Plaintiff. Halsted maintains systematic and continuous business contacts with the State of Delaware. Furthermore, because Plaintiff, a Delaware resident, was intentionally targeted by Halsted in the acts and omissions giving rise to this Complaint, this Court has personal jurisdiction over Halsted.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and omissions alleged herein occurred within this District, including Plaintiff's receipt of every call transmitted by Halsted that is complained of herein.

### III. PARTIES

*Plaintiff*

9. Kyle J. McGee is a resident of New Castle, Delaware. Plaintiff is an individual person within the meaning of 47 U.S.C. § 153(39).

*Defendant*

10. Halsted Financial Services, LLC is an Illinois limited liability company with its principal place of business in Evanston, Illinois. Halsted is a national collection agency "offer[ing] a full range of recovery services across a variety of asset classes including credit cards, utility, telecommunication, retail, and automotive." Halsted claims that it "use[s] proprietary technology" to collect on purportedly delinquent accounts, "enabling [them] to obtain superior recoveries" on behalf of their clients.

### IV. FACTUAL ALLEGATIONS

11. Automatic telephone dialing systems, or auto-dialers, are responsible for countless annoying telephone calls transmitted each day to consumers that have never conducted business with the caller. Depending on the frequency with which a consumer receives them and the manner in which the offending dialer accommodates the consumer's request to stop calling, these calls can be minor inconveniences or substantial irritations, approaching harassment.

12. By enacting the TCPA, Congress recognized the violation of consumer privacy interests that occurs each time a caller uses an auto-dialer to contact a consumer with whom it has no existing business relationship. Periodically since 1991, the Federal Communications Commission, which is charged with developing regulations implementing the TCPA, has issued rules expanding the scope of consumer protections offered by the statute in order to reflect and counteract the increasing aggressiveness and persistence with which marketers, scam artists, collections agencies, and others have employed auto-dialing technology.

13. The TCPA also recognizes the inherently problematic use of artificial or pre-recorded voice messages: such messages deprive consumers of any meaningful ability to have improper calls stopped. Thus, the TCPA makes the use of artificial or pre-recorded voice messages in calls to cellular telephone lines a separate and distinct violation. Where a party employs both auto-dialing technology and artificial or pre-recorded voice messages to make calls to cellular telephone lines, without first securing the consent of the call recipient, that party violates the TCPA twice with each and every call.

14. The TCPA encourages companies to respect the rights of non-customers and to attempt to minimize the amount of wrong numbers, expired contacts, and other faulty records contained in their databases. Companies that fail to make such an effort, such as Halsted, flout the law's requirements and purposely violate its provisions.

15. At all times relevant to this action, Plaintiff had no accounts delinquent and/or being processed or otherwise handled by Halsted, nor did he have any business relationship with Halsted of any sort.

16. At all times relevant to this action, Plaintiff did not consent to allow Halsted to contact him by any means, including by telephone.

17. Plaintiff has had the same cellular phone number [xxx-xxx-8234] since approximately November 2009. He is the legal owner of this account.

18. Beginning shortly after November 2009, Plaintiff began receiving calls on his cellular telephone from debt collection agencies for an individual called "Talia Wilburn." Preceding each and every such call, a brief delay of no more than two seconds elapsed before a pre-recorded or, very rarely, a live voice began speaking. On each and every call in which Plaintiff had the opportunity to speak to a live person, Plaintiff informed such person that Talia Wilburn no longer had the telephone number dialed and that they should no longer dial it to reach her. On information and belief, Plaintiff alleges that Halsted received this information, either directly (i.e., from him in a call transmitted by or on behalf of Halsted prior to August 2013) or indirectly (i.e., from Halsted's business partners or clients that had made attempts to contact Talia Wilburn at the number owned by Plaintiff prior to August 2013).

19. Nevertheless, despite Plaintiff's efforts, collection calls persisted. Halsted has identified itself as the caller on several occasions. For example, on August 13, 2013, Plaintiff received a call from Halsted (originating from 224-935-9046 based in Chicago, Illinois). When Plaintiff answered the call, a brief delay of no more than two seconds elapsed before a pre-recorded voice began speaking. The message identified Halsted as the caller and Talia Wilburn as the intended recipient, and indicated that the call related to a delinquent account. Other auto-dialed, pre-recorded calls similarly identified Halsted as the caller and Talia Wilburn as the intended recipient, using different variations of the pre-recorded message played on the August 13, 2013 call.

20. Similar calls originated from telephone numbers owned or maintained by Halsted. Such calls were transmitted to Plaintiff's cellular telephone by Halsted on at least the following

5

dates: August 12, 2013; August 14, 2013; August 15, 2013; August 21, 2013; August 22, 2013; August 23, 2013.

21.     Some of these auto-dialed calls originated from 224-935-9046 (like the August 13, 2013 call) but others originated from different numbers owned or maintained by Halsted. For example, the call transmitted on August 21, 2013 originated from 850-270-4055, based in Florida.  Another call, transmitted on August 22, 2013, originated from 224-935-9048 (Chicago, Illinois).  A call transmitted on August 23, 2013 originated from 512-765-9355, based in Texas. On each of those auto-dialed calls, as on the others, the pre-recorded message identified Halsted as the caller and Talia Wilburn as the intended recipient.

22.     Plaintiff contacted Halsted via email (at info@halstedfinancial.com, the general inquiry email address provided on Halsted's website) on August 29, 2013.  In that email, Plaintiff attached a copy of a draft of this Complaint (containing all but paragraphs 22 and 23 of the present Complaint) and requested that Halsted or its counsel get in touch with Plaintiff regarding the allegations contained therein.  In that email, Plaintiff further instructed Halsted that, if it would like to contact him telephonically to discuss those allegations, it may do so using Plaintiff's cellular telephone number provided Halsted does not use auto-dialing technology or an artificial or pre-recorded voice.

23.     On August 29, 2013, several hours after sending the email described in paragraph 22, Plaintiff received yet another auto-dialed call to his cellular telephone line, playing a nearly identical pre-recorded message intended for Talia Wilburn and identifying Halsted as the caller. This call originated from a new number – (310) 424-4478, based in Beverly Hills, California.

24. After an opportunity to inspect Halsted's records, Plaintiff will be able to more accurately determine the total number of auto-dialed and/or pre-recorded collection calls initiated by or on behalf of Halsted.

25. Because each call transmitted by or on behalf of Halsted to Plaintiff's cellular telephone line was both initiated using an auto-dialing system and used a pre-recorded voice message, each call constitutes two separate and distinct violations of the TCPA. Each separate statutory violation (the auto-dialing violation and the pre-recorded voice violation) correlates to a distinct legal injury suffered by Plaintiff. Specifically, Plaintiff suffered a legal injury in receiving each and every non-consensual auto-dialed call alleged herein, and suffered additional injury in being deprived of any means of ceasing such calls by virtue of Halsted's use of a pre-recorded message rather than a live operator.

26. Plaintiff does not believe that Halsted has updated its records as of the date of this filing.

## V. CLAIMS FOR RELIEF

### COUNT I
### Negligent Violation of the Telephone Consumer Act

27. Plaintiff incorporates by reference all allegations of Paragraphs 1-26, above, as though fully set forth herein.

28. Halsted's foregoing acts and omissions constitute negligent violations of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system to any telephone number assigned to a cellular telephone, and from making any call using an artificial or pre-recorded voice, without the prior express consent of the call recipient.

7

29. Because each and every call transmitted by or on behalf of Halsted to Plaintiff's cellular telephone, as alleged above, was made using an automated telephone dialing system, and was made using an artificial or pre-recorded voice, without Plaintiff's prior express consent to receive either type of call, each and every call constitutes two separate and distinct violations of the TCPA.

30. As a result of Halsted's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

31. Plaintiff is also entitled to seek – and does seek – injunctive relief prohibiting Halsted from engaging in such conduct violating the TCPA in the future.

32. Plaintiff also seeks an award of attorneys' fees and costs of suit.

## COUNT II
**Knowing and/or Willful Violation of the Telephone Consumer Protection Act**

33. Plaintiff incorporates by reference all allegations of Paragraph 1-26, above, as though fully set forth herein.

34. Halsted's foregoing acts and omissions constitute knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system to any telephone number assigned to a cellular telephone, and from making any call using an artificial or pre-recorded voice, without the prior express consent of the call recipient.

35. Because each and every call transmitted by or on behalf of Halsted to Plaintiff's cellular telephone, as alleged above, was made using an automated telephone dialing system, and was made using an artificial or pre-recorded voice, without Plaintiff's prior express consent to

receive either type of call, each and every call constitutes two separate and distinct violations of the TCPA.

36. As a result of Halsted's knowing and/or willful violations of the TCPA, Plaintiff is entitled to treble damages of up to $1,500.00 for each violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

37. Plaintiff is also entitled to seek – and does seek – injunctive relief prohibiting such conduct violating the TCPA in the future.

38. Plaintiff also seeks an award of attorneys' fees and costs of suit.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter relief and judgment in his favor, as follows:

1. As a result of Halsted's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks an award of $500.00 in statutory damages from Halsted for each violation of the TCPA. Plaintiff has identified at least sixteen (16) separate violations, as alleged above, but believes additional violations will be identified upon inspection of Halsted's records;

2. As a result of Halsted's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by the statute, of up to $1,500.00 from Halsted for each violation of the TCPA. Plaintiff has identified at least sixteen (16) separate violations, as alleged above, but believes additional violations will be identified upon inspection of Halsted's records;

3. Injunctive relief precluding continuing and future TCPA violations;

4. An award of attorneys' fees and court costs; and

5. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all claims so triable.

Dated: September 12, 2013

Respectfully submitted,

/s/ Kyle J. McGee
Kyle J. McGee (State Bar No. 005558)

117 Callow Place
New Castle, Delaware  19720
Telephone:  (302) 276-0147
Facsimile:   (302) 622-7100