IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KYLE J. MCGEE,
    Plaintiff,

v.                                                  Civil Action No. 13-cv-1555 (RGA)

HALSTED FINANCIAL SERVICES, LLC,
SYED ALI, and PRAN NAVANANDAN,
    Defendants.

---

Kyle J. McGee, Esq., Wilmington, Delaware, pro se plaintiff.

MEMORANDUM

March 19, 2014

*/s/ Richard G. Andrews*
ANDREWS, U.S. DISTRICT JUDGE:

The Court sees four issues in this case: (1) whether the defendants, as debt collectors, are exempt under 47 C.F.R. § 64.1200(a)(2)(iii), (2) whether Pran Navanandan may be held personally liable under the Telephone Consumer Protection Act (TCPA), (3) whether the plaintiff can have two legal injuries arising from the same phone call under § 227(b)(1)(A)(iii) of the TCPA, and (4) what conduct is required for the defendants to have acted willfully and/or knowingly.

First, the defendants are not exempt under TCPA regulations. *See* 47 C.F.R. § 64.1200(a)(2)(iii) (2012) (effective until Oct. 16, 2013) (current version at 47 C.F.R. § 64.1200(a)(3)(iii) (2013)). The regulations permit an entity to call a residential telephone line using a prerecorded or artificial voice when the call is made for a commercial purpose, not including unsolicited advertisements or telemarketing. In a recent case, the Third Circuit found that this exemption does not apply to debt collectors calling cellular phones. *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3d Cir. 2013); s*ee also Forrest v. Genpact*, No. 3:12–CV–2249, 2013 WL 4516479, at *2 (M.D.P.A. Aug. 26, 2013) ("Defendant's argument that Plaintiff has failed to state a claim under the TCPA because the TCPA does not apply to debt collection calls will be rejected based on Third Circuit precedent."). Here, the defendants called Mr. McGee's cellular phone, so this exemption could not apply to them.

Second, the TCPA may hold individuals personally liable if they developed or authorized the policies and procedures that led to violations of the TCPA. The TCPA applies to "any person" who violates it. 47 U.S.C. § 227 (2012). In 2013, the Fourth Circuit found that a company's owner and its employee were personally liable (in addition to the company itself) under § 227 for violating the TCPA. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 378

(4th Cir. 2013) ("[T]he TCPA's language makes clear that individuals can be sued under the Act."). Therefore, Pran Navanandan may be held personally liable in this case.[1]

Third, this Court finds that the plaintiff cannot have two, separate legal injuries arising from a single phone call under one subsection of the TCPA. Section 227 states that no person may call a cellular phone "using any automatic telephone dialing system or an artificial or prerecorded voice," unless it is an emergency or the called party previously gave express consent. 47 U.S.C. § 227(b)(1)(A)(iii). The plaintiff argued that the defendants were liable for two violations because "the violations stem from separate, disjunctive phrases." (D.I. 12, p. 11). I disagree. When a defendant calls a plaintiff's cellular phone using an automatic dialing system *and* a recording, the defendant only violated one subsection of the law, so there is only one violation. *Charvat v. NMP, LLC* does not apply because, in that case, the two violations arising from one phone call were grounded in separate subsections of the TCPA. 656 F.3d 440, 448-49 (6th Cir. 2011). The defendant used a recording *and* violated the "do-not-call-list requirements." *Id.* The Sixth Circuit specifically noted that the subsections targeted different harms. *Id.* at 449. The first rule "impose[d] greater restrictions on automated telephone calls and transmissions," and the second rule "impose[d] minimum procedures for maintaining a do-not-call list that apply to *all* calls." *Id.* Here, the subsection that the defendants violated targets the same harm by

---

[1] The plaintiff says that Mr. Navanandan knowingly "created and/or authorized" policies that clearly violated the TCPA by engaging "third party providers of automatic telephone dialing systems and services required for the creation of pre-recorded and automated voice messaging." (D.I. 1, ¶ 17-18). Further, the plaintiff alleges that Mr. Nevanandan set up the automatic telephone dialing systems and designed them to automatically dial phone numbers "without first requiring manual dialing to confirm that the telephone numbers dialed in fact lead to contact with the appropriate debtors." (*Id.*, ¶ 18).

3

restricting automated calls to cell phones, not separate harms like the subsections in the *Charvat* case.

Fourth, the Court does not need to choose between the two standards to determine whether the defendants acted willfully or knowingly because the plaintiff met both standards. The defendants must have known that they were violating the TCPA because others had previously sued them for TCPA violations. (D.I. 12, pp. 12-13). Therefore, an increased award is appropriate. *See* 47 U.S.C. § 227(b)(3)(C).